UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DERRICK RIVERA, | : | No. 3:25-cv-00254 (SVN) |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| CAPTAIN PAPOOSHA, et al., | : | |
| *Defendants*. | : | March 7, 2025 |

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff Derrick Rivera, an inmate incarcerated within the Connecticut Department of Correction, has filed a *pro se* complaint against various Defendants, alleging violations of 42 U.S.C. § 1983. He has filed a motion for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915—that is, he would like to commence this suit without prepaying the $405 filing fee. ECF No. 2.

It is well settled that the decision to proceed *in forma pauperis* in civil cases is committed to the sound discretion of the district court. *See Rahimi v. Sec'y of Navy*, No. 3:19-CV-01852 (JAM), 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019). In exercising this discretion, the court must determine whether the burden of paying the fees for filing and service would either hamper the plaintiff's ability to obtain the necessities of life or force him to abandon the action. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (*per curiam*). The *in forma pauperis* statute contemplates that, in making this determination, courts will examine "a certified copy of the trust fund account statement (or

institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

"All litigants must make decisions about how to spend their money when they are contemplating litigation." *Clark v. Papoosha*, No. 3:21-cv-1690 (CSH), 2022 WL 960296, at *1 (D. Conn. Mar. 30, 2022) (quoting *Brown v. Ruiz*, No. 3:20-cv-1202 (KAD), 2020 WL 6395480, at *1 (D. Conn. Nov. 2, 2020)). "If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of time and effort." *Brown*, 2020 WL 6395480, at *1 (italics added) (quoting *Briand v. Florida*, No. 4:06-cv-104-WS, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006)); *see also Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) ("Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by 'weed[ing] out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth.'" (alteration in original) (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (*per curiam*)).

"When considering a prisoner's affidavit of indigence, the district court may inquire whether, if a prisoner has no cash credit at the moment of filing, he had disabled himself by a recent drawing on his account and if so, for what purposes." *Hinton v. Pearson*, No. 3:21-cv-863 (MPS), 2021 WL 3036921, at *2 (D. Conn. July 19, 2021) (citation and internal quotation marks omitted). Courts have denied leave to proceed *in forma pauperis* where inmates had sufficient funds but chose to use the funds for other purposes before filing their complaints. *See, e.g.*, *Martin v. United States*, 317 F. App'x 869, 870–71 (11th Cir. 2008) (affirming denial of *in forma pauperis*

application where district court found that prisoner had received $1,818.00 in deposits in the preceding six months but "chose to spend those funds on matters other than this litigation"); *Clark*, 2022 WL 960296, at *2 (denying motion for leave to proceed *in forma pauperis* where plaintiff "received a total of $1,645.00 in deposits during a six-month period prior to filing [the] action" and "made numerous personal withdrawals"); *Brown*, 2020 WL 6395480, at *1–2 (noting, in vacating grant of motion to proceed *in forma pauperis*, that plaintiff had received deposits in excess of $3,000.00 in the seven months before filing action but spent or sent funds out of facility to qualify for *in forma pauperis* status before filing complaint).

Here, Plaintiff's trust fund account statement shows he has received $2,240 in deposits in the last six months, including a $1,400 tax refund he received in January. *See* Trust Acct. Stmt., ECF No. 4 at 2–4. Even if Plaintiff spends $200 per month supporting his mother and $51 per month on commissary items, *see* IFP Motion, ECF No. 2 at 3, he could have saved enough over the past six months to pay the $405 filing fee. Yet Plaintiff chose to spend his money on items other than the filing fee, including $360 for "JPay Media" and $454 coded as "Special Request."

If Plaintiff had not made these other purchases, his $1,400 tax refund—received forty-three days before filing this lawsuit—would have been sufficient by itself to cover the filing fee. Accordingly, Plaintiff's financial information shows that he would not have to forgo life's necessities or abandon the action if made to pay the $405 filing fee. The law does not permit him to proceed *in forma pauperis* under these circumstances. Accordingly, his **motion for leave to proceed IFP (ECF No. 2)** is **DENIED** without prejudice.

All further proceedings in this matter shall be held in abeyance for twenty-eight days pending Plaintiff's delivery of the filing fee in the amount of $405 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604. Failure to tender the filing fee by **April 4, 2025,** will result in the dismissal of this action.

**SO ORDERED** at Hartford, Connecticut, this 7th day of March, 2025.

*/s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE